IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARY DAVIDSON and JOEL CHRISTIANSEN,<br><br> Plaintiffs,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., DAN CASTRO, CINDY CHARITY, FRANKIE PAYNE, MIKE IVANICH, and SUE STEVENS,<br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br>Case No. 2:10-CV-260 TS |

  The Court has before it Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") Motion to Dismiss[1] and Defendants Dan Castro, Cindy Charity, Frankie Payne, Mike Ivanich, and Sue Stevens' (collectively, "Individual Defendants") Motion to Dismiss.[2] In their Amended Complaint, Plaintiffs allege that Dollar Tree and Individual Defendants discriminated against them in violation of the Age Discrimination in Employment Act ("ADEA"). Dollar Tree moves

---

  [1]Docket No. 11.

  [2]Docket No. 13.

this Court to dismiss Plaintiffs' claims against it because Plaintiffs' ADEA suit was commenced within the sixty day waiting period of exclusive jurisdiction provided to the Equal Employment Opportunity Commission ("EEOC") and, as a result, this Court lacks jurisdiction. Individual Defendants move this Court to dismiss Plaintiffs' claims against them because the ADEA prohibits company personnel from being sued in their individual capacities and Plaintiffs failed to properly serve Individual Defendants.

Having considered the parties' respective arguments, the Court enters the following Order.

## I. BACKGROUND

Plaintiffs, Mary Davidson and Joel Christiansen, are former employees of Defendant Dollar Tree.[3] Individual Defendants were employees of Dollar Tree with supervisory or managerial roles over Plaintiffs during the time that Plaintiffs were employed by Dollar Tree. Christiansen claims that he was discriminated against by Dollar Tree based upon his age, and that Dollar Tree terminated his employment on May 30, 2009, in violation of the ADEA. Davidson claims that she was discriminated against by Dollar Tree based upon her age, and that Defendant terminated her employment on June 1, 2009, in violation of the ADEA. Plaintiffs claim that Individual Defendants, as employees of Dollar Tree, were directly responsible for implementing the discriminatory intentions of Dollar Tree by retaliating against Plaintiffs and informing Plaintiffs of their termination from the company.

---

[3]Docket No. 2.

On March 4, 2010, Plaintiffs filed charges of discrimination with the EEOC, alleging that Dollar Tree and Individual Defendants engaged in violations of the ADEA.[4] On March 17, 2010, Plaintiffs completed EEOC Charge of Discrimination forms, alleging discrimination on the basis of age and retaliation. On March 23, 2010, Plaintiffs filed a "Complaint, Jury Demand" and "1st Amended Complaint, Jury Demand" in this Court, stating causes of action for Dollar Tree's and Individual Defendants' violations of the ADEA. On July 9, 2010, the EEOC closed its files based upon Plaintiffs' filing of a civil action in this Court, and issued Right to Sue letters to Plaintiffs. On July 28, 2010, Plaintiffs served Dollar Tree's designated agent with its Amended Complaint. On August 18, 2010, Dollar Tree and Individual Defendants each filed a separate Motion to Dismiss with this Court.

## II. DOLLAR TREE'S MOTION TO DISMISS

Dollar Tree moves this Court to dismiss Plaintiffs' claims against it because this Court lacks subject matter jurisdiction. The ADEA states that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [Commission]."[5] The purpose for this sixty day period is to allow the EEOC sufficient time to "seek to eliminate any alleged unlawful practice by informal methods for conciliation, conference, and persuasion."[6]

Courts have followed a strict interpretation of the ADEA's prohibition on the filing of lawsuits within sixty days of filing a charge with the EEOC. In *Shikles v. Sprint United*

---

[4] Docket No. 12.
[5] 29 U.S.C. § 626(d)(1) (2011).
[6] *Id.* § 626(d)(2).

*Management Co.*, the Tenth Circuit held that "a plaintiff's exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the ADEA."[7] Accordingly, the Tenth Circuit held that failure to exhaust administrative remedies under the ADEA "justifies dismissing the case for lack of [subject matter] jurisdiction."[8]

There is no dispute that Plaintiffs commenced their civil action within sixty days after their filing charges with the EEOC. In their pleadings, Plaintiffs mention several reasons why this Court should allow their civil action to proceed despite not complying with the sixty day waiting period provided in Section 626(d).[9] Plaintiffs claim that dismissing this action would result in "injustice, needless delay, [and] unnecessary expense" and that it would offend judicial economy.[10] Plaintiffs are also highly dismissive of the EEOC and its administrative remedies, describing it as a "vain, futile and useless gesture that merely caused delay" and stating they anticipated that resort to the EEOC would constitute "the usual waste of time."[11] Lastly, Plaintiffs claim that Defendants were not harmed or otherwise prejudiced by an early filing with this Court because Plaintiffs did not serve notice to Defendants until after sixty days from the filing of their charges with the EEOC.

The Court finds Plaintiffs' arguments unpersuasive. Plaintiffs admit that they "lack information that the EEOC performed any investigation," and do not provide any evidence to show that the EEOC was either acting inappropriately in its investigation or not acting at all.

---

[7]426 F.3d 1304, 1306 (10th Cir. 2005).
[8]*Id.*
[9]Docket No. 26.
[10]*Id.*
[11]*Id.*

4

Rather, Plaintiffs in their own words "anticipated" that utilizing the EEOC to investigate and conciliate their charges would constitute a "usual waste of time" and therefore decided to commence a civil action only nineteen days following the filing of charges with the EEOC. A mere belief, without any factual basis, that utilizing the EEOC would be a "waste of time" is insufficient grounds for excusing Plaintiffs' conscious disregard for the filing requirements of Section 626(d).

Because Plaintiffs commenced this suit in violation of Section 626(d), the Court does not have subject matter jurisdiction and, therefore, will grant Dollar Tree's Motion to Dismiss.[12]

### III.  INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

Individual Defendants move this Court to dismiss Plaintiffs' claims against them because Plaintiffs' claims fail as a matter of law and Plaintiffs failed to properly serve them. Because the Court finds that Plaintiffs' claims fail as a matter of law, the Court will only discuss this ground.

A.    12(b)(6) STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving parties.[13] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[14] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the

---

[12] Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

[13] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir 1997).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

nonmoving party.[15] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[16] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[17]

B.  DISCUSSION

The ADEA states that an "employer" may not engage in any discriminatory actions based upon an individual's age.[18] ADEA Section 630(b) defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[19] In addition, Section 630(b) provides that the term "employer" also includes "any agent of such a person."[20] As the ADEA's express terms limit its application to only an "employer," the Tenth Circuit has held that "personal capacity suits against individuals," which include "individual supervisor liability," are precluded under the ADEA, ADA, and Title VII.[21]

Plaintiffs offer two main arguments which they claim justify maintaining Individual Defendants as parties to this suit—both of which the Court finds unpersuasive.[22] Plaintiffs first

---

[15]*GFF Corp.*, 130 F.3d at 1384.
[16]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).
[17]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).
[18]*See* 29 U.S.C. § 623(a) (2011).
[19]*Id.* § 630(b).
[20]*Id.*
[21]*Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999); *see also Wight v. Downing*, 2008 WL 303918, at *3 (D. Utah Jan. 31, 2008) (holding that individual capacity cases are "not appropriate under the ADEA" and that individual defendants "have no individual liability under the ADEA."
[22]Docket No. 25.

argue that it would be improper for this Court to imbue any form of governmental immunity to Individual Defendants, and although Plaintiffs do not clearly make the articulation, they appear to suggest that the current suit may be distinguished from cited cases in that the defendants in these earlier cases escaped ADEA liability under governmental immunity (which would not apply to employees of Dollar Tree). However, Plaintiffs' first argument is unwarranted because Individual Defendants are not claiming protection under any form of governmental immunity. Furthermore, the case law provides that protection against individual capacity suits under the ADEA is not a result of governmental immunity, but rather is a result of Congressional intent to transfer liability for discrimination from agents to their principals—which in this case mandates that any liability for ADEA violations be transferred from Individual Defendants to Dollar Tree.[23]

Plaintiffs' second argument for allowing Individual Defendants to remain as parties to this suit is that pendent party and pendent claim jurisdiction warrant maintaining Individual Defendants as parties because future discovery might uncover other claims (such as conspiracy) that could be added as additional causes of action under this suit.[24] However, Plaintiffs fail to cite a single authority that supports their proposition that defendants may be forced to remain as parties to a suit, despite the absence of any pleaded claims upon which relief can be granted, simply because the plaintiffs believe that future discovery might uncover actionable claims which may then be pleaded. Such a proposition would essentially prevent Fed.R.Civ.P. 12(b)(6) from

---

[23]This Court's interpretation is supported by the fact that cases precluding individual capacity suits under the ADEA have concerned both governmental sector and private sector defendants, hence it is misguided to argue that governmental immunity has been the saving factor for defendants under ADEA claims.

[24]Docket No. 25.

ever being used as a defense to lawsuits where maintainable causes of action are not pleaded. Accordingly, the Court finds Plaintiffs' argument unsupportable.

The Court, therefore, finds that Plaintiffs' claims against Individual Defendants fail as a matter of law and will grant Individual Defendants' Motion to Dismiss. As Plaintiffs' claims fail as a matter of law, the Court finds that amendment of these claims is futile and will dismiss the claims against Individual Defendants with prejudice.

## IV. CONCLUSION

It is therefore

ORDERED that Dollar Tree's Motion to Dismiss (Docket No. 11) is GRANTED. It is further

ORDERED that Individual Defendants' Motion to Dismiss (Docket No. 13) is GRANTED and Plaintiffs' claims against Individual Defendants are DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to close this case forthwith.

DATED   March 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge