IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARY DAVIDSON and JOEL CHRISTIANSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., DAN CASTRO, CINDY CHARITY, FRANKIE PAYNE, MIKE IVANICH, and SUE STEVENS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT OR, IN THE ALTERNATIVE, TO RELIEVE PLAINTIFFS FROM FINAL JUDGMENT<br><br><br><br>Case No. 2:10-CV-260 TS |

The Court has before it Plaintiffs Mary Davidson and Joel Christiansen's Motion to Alter Judgment or, in the alternative, to Relieve Plaintiffs from Final Judgment.[1]  For the reasons set forth below, the Court will deny the Motion.

---

[1]Docket No. 34.

This Court recently dismissed Plaintiffs' claims against Defendant Dollar Tree Stores, Inc. ("Dollar Tree") because Plaintiffs filed their claims in violation of 29 U.S.C. § 626(d), leaving this Court without subject matter jurisdiction over Plaintiffs' claims.[2] Plaintiffs now contend that the Court should reconsider this decision under Fed.R.Civ.P. 59(e) and 60. Under Rule 59(e),

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.[3]

Similarly, under Rule 60(b), a Court may order relief from final judgment for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect;" and "any other reason that justifies relief."[4]

Plaintiffs contend that the Court's Order dismissing their claims against Dollar Tree must be reconsidered to prevent manifest injustice. In reviewing Plaintiffs' arguments, however, the Court finds that Plaintiffs' Motion is simply an attempt to reargue the merits of the underlying Motion to Dismiss. Such an attempt is inappropriate and must be rejected. As stated by the Tenth Circuit, "a motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion

---

[2]*See* Docket No. 31.

[3]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4]Fed.R.Civ.P. 60(b)(1) & (6).

2

merely advances new arguments, or supporting facts which were available at the time of the original motion."[5] The Court, therefore, finds that Plaintiffs' Motion fails and will be denied.

It is therefore

ORDERED that Plaintiffs' Motion to Alter Judgement or, in the alternative, to Relieve Plaintiffs from Final Judgment (Docket No. 34) is DENIED.

DATED   June 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Servants of Paraclete*, 204 F.3d at 1012.